SAVOIE, Judge.
Defendant appeals the trial court’s finding that it was indebted unto the plaintiff for amounts owed on a contract between the parties.
After some negotiation between defendant’s general manager, Mr. Thompson, a contract was entered into by the parties on August 10, 1981. Therein, plaintiff agreed to provide certain advertising for defendant’s business and establishment (i.e., Saturday’s). Such contract was terminable at any time by either party upon payment to the plaintiff of all costs previously authorized and spent by it. It further provided that any balance owed and unpaid within 30 days from the initial statement date *199 bore an interest rate of one and one-half (IV2%) per cent per month on the unpaid balance. Plaintiff filed suit on January 19, 1982, to collect for arrearages owed, interest due, and reasonable attorney’s fees and costs as required under the contract.
The trial court found that the contract provided for no set termination date. However, it determined from the evidence introduced that the contract was terminated on September 8, 1981. Accordingly, it found defendant liable under the contract for all expenses incurred and those which the plaintiff could not cancel thereafter up to September 8, 1981. Such expenses as indicated by invoices amounted to $2,257.16. The trial court further found that certain other services were provided defendant by plaintiff in the amount of $1,951.30. Such amount, however, was not owed under the contract’s provisions. Thus, this amount was not subject to the one and one-half per cent per month interest and attorney’s fees.
Defendant asserts the trial court erred in: (1) holding that a contract existed between the parties after August 31, 1981, (2) finding that the contested services reflected on the invoice were, in fact, authorized by the defendant, and (3) awarding conventional interest and attorney’s fees on the services rendered from September 1 through September 8. The plaintiff answered the appeal, asserting that the trial court erred in its calculation of the charges incurred prior to the September 8, 1981 termination of the contract.
Defendant first asserts that the trial court erred in holding that a contract existed between the parties after August 31, 1981. Great weight is to be accorded the findings of the trier of fact and will be overturned only if clearly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Here, the trial court found that a contract existed between the parties for an indefinite term terminable at the parties’ option. It also found that the contract was not terminated until September 8, 1981. We find no clear wrong in the trial court’s findings. Accordingly, defendant’s first assignment of error is without merit.
Secondly, defendant asserts the trial court erred in finding that the contested services reflected on the invoice were, in fact, authorized by the defendant. As stated above, the findings of the trier of fact are to be accorded great weight. Arcen-eaux, supra. We find no clear wrong in the trial court’s findings. Accordingly, defendant’s second assignment of error is without merit.
Finally, defendant contends that the trial court erred in awarding conventional interest and attorney’s fees on the services rendered from September 1 through September 8.
Having determined that the contract was not terminated until September 8, 1981, its provisions are binding upon the parties. The contract provides that interest shall run at one and one-half per cent per month on the unpaid balance on any amount due and unpaid for a period in excess of 30 days after the initial statement date. By the contract’s very terms, defendant owes the interest awarded by the trial court. Accordingly, defendant’s assignment of error is without merit.
Plaintiff contends the trial court erred in its calculation of the charges incurred prior to the termination of the contract. Great weight is given to the trial court’s findings of fact and will be overturned only if clearly erroneous. Arceneaux, supra. The trial court found from the testimony given and evidence submitted that those charges in excess of $2,257.16 were not owed under the contract. Accordingly, they are not subject to the one and one-half per cent per month interest. We find the trial court was not clearly wrong in its findings. As such, plaintiff’s assignment of error is without merit.
Plaintiff also asks this court to tax defendant for attorney’s fees, court costs, and all other costs of collections involved in this appeal. By contract between the par *200 ties, the defendant agreed to pay such costs. We find the trial court’s award of $600.00 in attorney’s fees to be appropriate under the contract.
For the above and foregoing reasons, judgment of the trial court is affirmed in all respects. Defendant is to pay all costs.
AFFIRMED.